IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



MARMAC, LLC d/b/a
McDONOUGH MARINE SERVICE

    Plaintiff,

v.                                                                          Civil action No. 2:10cv297

TESTA CORP.

    Defendant.

## COMPLAINT

Plaintiff, Marmac, LLC d/b/a McDonough Marine Service ("McDonough" and "Owner"), by counsel, for its Complaint alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1333.

2. Jurisdiction and Venue are proper in this Court because Defendant Testa Corp. is doing business in the district, has a registered agent for service in Virginia and contracted with Plaintiff through its Chesapeake, Virginia office.

3. Plaintiff, McDonough, is formed under the laws of the State of Louisiana, with a principal office at 1750 Clearview Parkway, Metairie, Louisiana, 70001, and a local office at 5301 Bainbridge Boulevard, Suite 102, Chesapeake, Virginia 23322.

4. Defendant, Testa Corp. ("Testa" and "Charterer"), is a Massachusetts Corporation with its principal office at 360 Audubon Road, Wakefield, Massachusetts.

5. On or about July 26, 2008, McDonough agreed to let and Testa agreed to hire on a bareboat basis Barge KS 6003 for delivery in Jacksonville, Florida on July 28, 2008. The transaction was governed by a Universal Bareboat Charter Agreement (Exhibit A) and a Charter Order (Exhibit B)(collectively the "Agreement") specifying the commitments of both parties.

6. On July 26, 2008, at the request of McDonough, Aquarius Maritime Consultants, LLC ("Aquarius") boarded KS 6003 in Jacksonville, Florida and conducted an On-Hire survey and recorded the survey on its report #08-131. (Exhibit C)

7. Testa kept the Barge under the bareboat charter for nine months returning it on or about April 24th when it hired Aquarius to perform an off-hire survey in order to ascertain and document the physical condition of the Barge at the time of off-hire.

8. Aquarius documented certain discrepancies and damage to the Barge in excess of usual wear and tear in its Off-Hire Survey Report #09-081 dated April 27th, 2009. (Exhibit D). On June 17, 2009, McDonough received a estimate from Stevens Towing Company ("Stevens") for the repairs contemplated by the off-hire survey (Exhibit E) and subsequently completed the repairs.

9. McDonough issued invoice No. 21688 (Exhibit F) to Testa. This invoice in the amount of $171,599.00 includes the cost of repair plus charter hire for the Barge for the time it took to complete the repairs all pursuant to the Agreement.

10. Although upon chartering the Barge, Testa agreed to return it to the Owner in the same good, seaworthy and clean condition as when the Barge was received and, if it failed to do so, to reimburse Owner for any expense to repair or clean the Barge to restore it to the same good seaworthy and clean condition as upon delivery, Testa has refused to pay the invoice.

11. Upon the completion of the charter, Testa had some equipment on the barge which it wished to carry to Charleston, South Carolina. Instead of requiring Testa to complete a round trip from Jacksonville, Florida to Charleston, South Carolina, the Chesapeake office of McDonough agreed to a flat fee of $10,000 plus standby time in the amount of $350.00 per hour to tow the Barge to Charleston and agreed to take delivery of the Barge in Charleston instead of Jacksonville. Upon completion of the tow, McDonough issued invoice number 3794 in the amount of $11,050 reflecting the amount to which Testa agreed. (Exhibit G).

12. The agreement states that "Should OWNER retain an attorney or seek recourse in a court of law for the purpose of enforcing any terms of this agreement, or to collect any sums due thereunder, including, but not limited to charter hire, redelivery costs, damages, clean-up costs, then all reasonable legal fees, expenses and costs, incurred by OWNER shall be due to OWNER from CHARTERER."

## COUNT I

13. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint numbered 1 through 12 inclusive, with the same force and effect as if more fully set forth at length herein.

14. McDonough agreed to tow Barge KS 6003 to Charleston, South Carolina with Testa's equipment on board and to take delivery of the Barge there instead of Jacksonville, Florida.

15. Testa agreed to pay to McDonough $10,000 plus $350.00 per hour for standby to tow its equipment on the Barge to Charleston, South Carolina. The tow was completed without incident and McDonough invoiced Testa in the amount of $11,050 which represents the agreed upon tow plus three hours of standby time.

16. Testa has refused to pay this invoice and is indebted to McDonough in the amount of $11,050 plus pre-trial interest from the date of completion of the tow until presence.

WHEREFORE, Plaintiff moves this Honorable Court for judgment and award against the defendant, Testa Corporation in the amount of $11,050 plus pretrial interest and attorneys fees together with costs of this action and all general and equitable relief.

## COUNT II

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint numbered 1 through 12 inclusive, with the same force and effect as if more fully set forth at length herein.

18. Testa agreed to return Barge KS 6003 to McDonough in the same good, seaworthy and clean condition as when the Barge was received and, if it failed to do so, to reimburse McDonough for any expense to repair or clean the Barge to restore it to the same good seaworthy and clean condition as upon delivery.

19. On hire and off hire surveys were conducted of the Barge by the same group and a list of repairs and recommendations were prepared in the off-hire survey. McDonough completed the repairs and invoice Testa Corporation who has refused to pay the invoice.

20. Testa owes McDonough $171,599.00 for costs associated with the repairs to Barge KS 6003 to return it to the same good seaworthy and clean condition as upon delivery.

21. Although payment has been demanded of Testa, it refuses to pay and is in breach of the contract to bareboat charter the Barge.

WHEREFORE, Plaintiff moves this Honorable Court for judgment and award against the defendant, Testa Corporation in the amount of $171,599 for Count II plus $11,050 for Count 1 and pretrial interest and attorneys fees as allowed by the contract together with costs of this action and all general and equitable relief.

MARMAC, LLC d/b/a
McDONOUGH MARINE SERVICE

By /s/ Patrick M. Brogan
Patrick M. Brogan VSB # 25568
Davey & Brogan, P.C.
101 Granby Street, Suite 300
Norfolk, VA 23510
Tel: (757) 622-0100
Fax: (757) 622-4924
Email: pbrogan@daveybroganpc.com
Counsel for Plaintiff Marmac LLC
d/b/a McDonough Marine Service